530

FILED

86 APR 18 P 1 : 30

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH TRIAL COURT

OFFICE OF THE ATTORNEY GENERAL)
and THE OFFICE OF IMMIGRATION )
AND NATURALIZATION OF THE      )
COMMONWEALTH OF THE NORTHERN   )
MARIANA ISLANDS,               )
                               )
              Petitioners,     )
                               )
         vs.                   )
                               )
ROMEO DE C. SUAREZ,            )
                               )
              Respondent.      )
_____)

CIVIL ACTION NO. 86-107

ORDER OF DEPORTATION

      This matter came on regularly for a hearing before this
Court on April 16, 1986 at which time the Respondent was present
with counsel, Reynaldo Yana, and the government appeared through
the Assistant Attorney General, Eric S. Smith. The relevant
facts are undisputed and the parties agree that Respondent's
entry permit has expired since prior to December 24, 1985.
However, the Respondent filed an action against his employer and
was permitted to remain within the CNMI in order to permit such
action to be reduced to judgment. On December 24, 1985 the
Commonwealth Court, through Chief Judge Hefner, entered a

531

Judgment in favor of Respondent, among other Plaintiffs in that action and against their employer, Dexter Enterprises, Inc., in Civil Action No. 85-95.

After the Judgment was entered, Respondent remained in the CNMI without an entry permit and attempted to find another employment and an application for his new employment has been filed with the Division of Labor. While such application is still being processed, the Office of the Attorney General and the Office of Immigration have filed a petition for deportation of the Respondent.

Respondent, through counsel, contends that he should be given a reasonable period of time in which to find another employment in the CNMI in that he prevailed against his former employer in the court action. The government contends that the Respondent has taken more than a reasonable period of time in which to find another employment. At the same time, the government advises the Court that the Division of Labor has entertained applications for new employment of persons who have prevailed in an action against a former employer. There is no evidence or indication that the Office of Immigration condones or concedes to such practice. At the time of the hearing, neither Petitioners nor the Respondent was able to provide the Court with a legal basis or statutory authority for the Respondent to remain in the CNMI, without an entry permit, after the action against his employer had been reduced to judgment.

The Court has carefully reviewed all the applicable statutes and regulations, that it can identify, which relate to

this matter including Public Law 3-105, the Immigration Control Act under Chapter 3 of Title 3, Division 4 of the Commonwealth Code, the Non-resident Worker's Act under Chapter 4 of Division 4, Title 3 of the Commonwealth Code and the comprehensive emergency regulations contained in Volume 7 No. 5 of the Commonwealth Register, and the Court has not been able to find or identify any statute or regulation authorizing the Respondent, or any person in a similar status, to remain within the CNMI for any period of time, after his action has been reduced to judgment, in order to seek employment with another employer and attempt to acquire a work permit and an entry permit in connection therewith. Simply put, this Court has no authority to allow Respondent to remain in the CNMI under the above facts. If the legislature finds that it will be in the best interest of the CNMI to allow such persons to remain in order to seek new employment, proper legislation should be enacted. This Court will neither legislate, nor approve the actions of the Division of Labor which is not permitted by law, and does in fact violate 3 CMC §4301. Based on the above facts and the law,

IT IS HEREBY ORDERED that the Respondent is declared to be of a deportable status in that his presence in the Northern Mariana Islands is in violation of Section 17(e) of Public Law 3-105.

IT IS FURTHER ORDERED that the Respondent is hereby deported and is ordered to depart the Northern Mariana Islands immediately and not later than May 3, 1986. Upon failure to depart as ordered herein, Respondent shall be arrested for

deportation purposes.

Entered this _18th_ day of ___April___, 1986.

Ramon G. Villagomez
Associate Judge